COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Bray
Argued at Chesapeake, Virginia


JAMARYL GILBERT
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1515-99-1    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       MARCH 28, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                    Christopher W. Hutton, Judge

            Charles E. Haden for appellant.

            Michael T. Judge, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Jamaryl Gilbert (appellant) was convicted in two separate

bench trials of possession of cocaine, breaking and entering,

robbery, abduction and three firearm charges.  The sole issue

raised on appeal is whether the provisions of Code

§ 16.1-269.1(E) cured a defect in the felony proceedings by

failing to properly notify appellant's biological mother and

father of the juvenile proceedings.  We conclude that appellant

waived any objection to the jurisdiction of the circuit court by

failing to raise any such objection prior to indictment.

Accordingly, we affirm.

---

     [*] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

The evidence established that on October 5, 1998, a petition was filed in the juvenile court, charging appellant, then 14 years old, with possession with intent to distribute cocaine, in violation of Code § 18.2-248. On October 6, 1998, summonses were issued to appellant, Katherine Gilbert (appellant's grandmother), Newton Lowery (appellant's father), and Marguerite Mayfield (appellant's mother). Appellant's grandmother had legal custody of him. The summonses indicated they were personally served on appellant and his grandmother, but they were silent as to service on Lowery and Mayfield. The juvenile court certified the charge to the circuit court, and the grand jury returned an indictment on March 1, 1999. In a bench trial on April 29, 1999, appellant was convicted of possession of cocaine, in violation of Code § 18.2-250, and sentenced to two years imprisonment.

On December 28, 1998, petitions were issued in the juvenile court, charging appellant with breaking and entering, robbery, abduction and three firearm charges. On January 4, 1999, summonses for the offenses were issued to appellant and his grandmother, in person, and to Lowery and Mayfield, appellant's biological parents. The summonses to the parents indicated that both were incarcerated in the Newport News City Jail. The juvenile court certified the charges to the circuit court, and on March 1, 1999, the grand jury returned indictments for all six felonies. Following a bench trial on April 20, 1999, the

-

trial court convicted appellant on the offenses charged and sentenced him to a total of fifty-eight years, forty-five suspended.

Appellant did not challenge the circuit court's jurisdiction or raise an objection to the proceedings based upon the lack of notice to his biological parents in the juvenile court. On appeal, he contends the circuit court lacked jurisdiction because the Commonwealth failed to comply with the mandatory notice provisions of Code §§ 16.1-263 and -264. He argues that jurisdiction can be raised at any time and, therefore, trial counsel's failure to raise the issue at trial did not constitute a waiver.

This case is controlled by the Supreme Court's recent decision in Moore v. Commonwealth, 259 Va. ___, ___ S.E.2d ___ (2000) (No. 990776). In Moore, the Supreme Court affirmed the defendant's four felony convictions, despite the Commonwealth's failure to comply with the notice requirements of Code §§ 16.1-263 to -264.

> The Commonwealth's failure to notify the defendant's biological father of the initiation of juvenile court proceedings, as required by former Code §§ 16.1-263 and -264, created a defect in those proceedings. However, under Code § 16.1-269.1(E), that defect was cured when the grand jury returned indictments against the defendant on the offenses certified to it by the juvenile court. This curative statutory provision permitted the circuit court to exercise its subject matter jurisdiction and

-

> to try the defendant on the offenses set forth in the indictments.

Id. at ___, ___ S.E.2d at ___ (citation omitted) (emphasis added).

In the instant case, the Commonwealth notified appellant's grandmother, his legal custodian, of the juvenile court proceedings. Assuming that the Commonwealth was required to notify both biological parents under former Code §§ 16.1-263 and -264, any failure to do so was cured when the grand jury returned indictments on all seven charges on March 1, 1999. Accordingly, appellant's convictions are affirmed.

Affirmed.

-